Filed 2/22/16  S.M. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.M.,<br><br>  Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>  Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>  Real Party in Interest. | F072739<br><br>(Super. Ct. No. 14CEJ300192-1-5)<br><br><br>**OPINION** |

## THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Kim Nystrom-Geist, Judge.

S.M., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Brent C. Woodward, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

  *  Before Gomes, Acting P.J., Kane, J. and Franson, J.

S.M. (mother), in propria persona, filed a petition for extraordinary writ from the juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing[1] as to her four sons and daughter. Mother does not, however, assert that the juvenile court erred. Consequently, we dismiss the writ petition as facially inadequate. (Cal. Rules of Court, rules 8.450 & 8.452.)

## PROCEDURAL AND FACTUAL SUMMARY

In June 2014, the Fresno County Department of Social Services (department) took mother's nine-, seven-, and two-year-old sons and four-month-old daughter, into protective custody after she was arrested for burglary, child endangerment and battery. The department placed the children in foster care.

The juvenile court exercised it dependency jurisdiction over the children and provided mother reunification services, including drug treatment. While participating in services mother gave birth to a son and tested positive for methamphetamine at the time of his delivery. The department took the child into protective custody and the juvenile court adjudged him a dependent child.

The juvenile court provided mother reunification services until November 2015. However, she made minimal progress in her services plan. She relapsed multiple times and did not complete a 90-day residential treatment program despite being referred to approximately 12 inpatient facilities. In its report for the review of services hearing, the department recommended the juvenile court terminate mother's reunification services.

In November 2015, following a contested review hearing, the juvenile court terminated mother's reunification services as to all five children and set a section 366.26 hearing.

This petition ensued.

_____

[1]    All statutory references are to the Welfare and Institutions Code.

## DISCUSSION

California Rules of Court, rules 8.450-8.452 set forth guidelines pertaining to extraordinary writ petitions.  The purpose of these writ petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing.  (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition.  It requires the petitioner to set forth legal arguments with citation to the appellate record.  (Rule 8.452(b).)  In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law.  Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record.  Failure to do so renders the petition inadequate in its content and we will not independently review the record for possible error.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

Here, mother left blank the space designated on the writ petition form (JV-825) to identify the grounds on which the juvenile court erred.  In addition, she did not assert anywhere else on the form that the juvenile court erred or attach any pages to her petition.  Consequently, there is no issue before this court to review.  Thus, we conclude the writ petition is inadequate for our review and dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is final forthwith as to this court.